**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **TIMOTHY J. ROBERTS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-06-136-F** |
| | ) | |
| **RICHARD SMOTHERMAN, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff, who was a pretrial detainee at the time this action was filed and who appears pro se, has filed this action pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights. Pursuant to an order by United States District Judge Stephen P. Friot, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Defendant Smotherman has filed a motion to dismiss, to which no response has been filed.[1] For the reasons set forth herein, the undersigned recommends that the motion to dismiss be granted.

In his amended complaint, Plaintiff names Richard Smotherman, the district attorney for Lincoln County, and A.T. Brixey, the Sheriff of Lincoln County, as Defendants. In Count I, Plaintiff alleges that Defendant Smotherman has violated his due process rights by pursuing a criminal action against him for actions that occurred in Creek County, not Lincoln County.[2] Amended Complaint, p. 3. In Count II, Plaintiff

---

[1] The motion to dismiss was filed on September 11, 2006 and a response was due eighteen days after the filing of the motion. Local Civil Rule 7.2(f). Plaintiff was advised of this requirement in an order dated March 29, 2006. [Doc. No. 13].

[2] Plaintiff has sued two individuals, but other than Count I, he never distinguishes or identifies which individual or individuals he is seeking to hold responsible for any particular claim.

alleges that he is being denied the right to legal counsel because he is not being permitted to seek an attorney from outside of the public defender's office, and because he is not being permitted a telephone book, a directory of local attorneys or free telephone calls to assist in his efforts to obtain different counsel. Amended Complaint, p. 3, unnumbered pages 5-6. In Count III, Plaintiff alleges that an agent of the defendants implied that Plaintiff must dismiss this action in order to receive a fair plea agreement. Amended Complaint, p. 4.

In his motion to dismiss, Defendant Smotherman argues that to the extent he is being sued in his individual capacity he is entitled to prosecutorial immunity and qualified immunity. Defendant Smotherman further argues that to the extent he is being sued in his official capacity he is entitled to Eleventh Amendment immunity. Finally, Defendant Smotherman argues that Plaintiff's amended complaint fails to state a claim for relief.

**I. Prosecutorial Immunity**

It is well settled that prosecutors have absolute immunity for conduct "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). Thus, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). Plaintiff's only specific allegations against Defendant Smotherman in the amended complaint are in Count I. However, it is apparent that Count III is also directed to Defendant Smotherman, as the count alleges

that Plaintiff received a less beneficial plea offer in retaliation for the filing of this lawsuit. Count II is less clear. Although Plaintiff could have intended that Count II apply to Defendant Smotherman, because Count II challenges the operation of the jail and Plaintiff's ability to obtain counsel different than the counsel appointed for him by the Court, it is likely that Plaintiff seeks relief only from Sheriff Brixey, the person responsible for the operation of the jail.[3] See Okla. Stat. tit. 19 § 513; Okla. Stat. tit. 57 § 47. Accordingly, the undersigned will not construe Count II as being directed at Defendant Smotherman.

The factual underpinnings of Plaintiff's Counts I and II relate solely to Mr. Smotherman's actions as a prosecutor in the then pending criminal proceedings against Plaintiff. Because a prosecutor is entitled to absolute prosecutorial immunity for actions "which occur in the course of his role as an advocate for the State," Buckley, 509 U.S. at 273, and the claims against Defendant Smotherman fall into this category, the undersigned hereby recommends that the claims against Defendant Smotherman in his individual capacity be dismissed.

## II. Qualified Immunity

Alternatively Defendant Smotherman seeks dismissal of the claims against him in his individual capacity on the basis of qualified immunity. Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation" if the complained of behavior did not violate clearly established law. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Once a defendant asserts the

[3] Additionally, the prosecutor is not the party responsible for ensuring that a criminal defendant has counsel, as the trial court is taxed with this obligation.

defense of qualified immunity, the burden shifts to the plaintiff to show both that (1) the defendant violated a constitutional or statutory right and (2) the constitutional or statutory right was clearly established when the alleged violation occurred. Verdecia v. Adams, 327 F.3d 1171, 1174 (10th Cir. 2003) (applying test in context of summary judgment motion). First, the Court must determine, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the [defendant's] conduct violated a constitutional right?" Saucier v. Katz, 533 U.S. 194, 201 (2001). If so, the Court must then ask "whether the right was clearly established." Id. If Plaintiff fails to satisfy either portion of the two-pronged test, the Court must grant dismissal of the claims against the Defendant on the basis of qualified immunity. Gross v. Pirtle, 245 F.3d 1151, 1156 (10th Cir. 2001).

Because Plaintiff did not respond to Defendant's claim of qualified immunity, Defendant Smotherman is necessarily entitled to dismissal of the claims against him. Plaintiff has wholly failed to meet his burden of establishing that either his rights were violated or that the law was clearly established. Accordingly, the undersigned recommends in the alternative that qualified immunity be granted to Defendant Smotherman in his individual capacity.

**III. Eleventh Amendment Immunity**

Finally, to the extent he is being sued in his official capacity, Defendant Smotherman argues that he is entitled to Eleventh Amendment immunity. "With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court." Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir. 2002). To

assert such immunity a defendant must be a state or an "arm" of the state. Id. The Tenth Circuit has held that "under Oklahoma law, a district attorney is an arm of the state." Erikson v. Pawnee County Bd. of County Comm'rs., 263 F. 3d 1151, 1153-54 (10th Cir. 2001) (affirming district court's holding that "under Oklahoma law, a district attorney is an arm of the state"); see also Okla. Stat. tit. 51, §§ 152.1 and 153 (adopting doctrine of sovereign immunity for State of Oklahoma, its political subdivisions and its employees acting within the scope of their employment). Because Congress did not abrogate Oklahoma's Eleventh Amendment immunity in enacting 42 U.S.C. § 1983 and because there is no allegation or indication that Oklahoma has waived its immunity, this Court lacks jurisdiction over Plaintiff's 42 U.S.C. § 1983 claims against Defendant Smotherman in his official capacity. Ruiz, 299 F.3d at 1181. Therefore, to the extent Plaintiff seeks monetary damages from the State of Oklahoma through his claims against Defendant Smotherman, his claims are barred by Eleventh Amendment immunity, which the State of Oklahoma has not waived.

**IV. Heck v. Humphrey**

Finally, although not part of Defendant's motion, it appears from the docket sheet in Case No. CF-06-16A, District Court of Lincoln County, that Plaintiff pled guilty on June 8, 2006 and was sentenced to seven years in the custody of the Department of Corrections. See Oklahoma State Courts Network, Docket No. CF-06-16A (District Court of Lincoln County (accessed October 12, 2006). To the extent his current 42 U.S.C. § 1983 claims necessarily imply the invalidity of his conviction and sentence, his claims are premature under Heck v. Humphrey, 512 U.S. 477 (1994). In Counts I and III, the

only counts applicable to Defendant Smotherman, Plaintiff is challenging the jurisdiction of the prosecutor and the validity of his sentence as a result of alleged retaliation in offering him a favorable plea agreement, both claims that would undermine the validity of his conviction. Plaintiff, has not, however, established that his conviction or sentence has been invalidated. Id. at 486-87. Therefore, at the very least these claims should be dismissed as premature. See also Edwards v. Balisok, 520 U.S. 641, 648 (1997) (declaratory relief); Lawson v. Engleman, No. 03-7012, 2003 WL 21300347, *1, n. 2 (10th Cir. June 6, 2003) (injunctive relief); Beck v. City of Muskogee Police Dep't, 195 F.3d 553, 557 (10th Cir. 1999) (noting that Heck should generally apply "when the concerns underlying Heck exist," which include those claims that "would necessarily imply the invalidity of [the] conviction.").[4]

**RECOMMENDATION**

For the reasons set forth above, it is recommended that Defendant Smotherman's motion to dismiss be granted. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by November 2, 2006, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. Moore v. United

[4] These last two cases cited are unpublished decisions cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation does not dispose of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 13th day of October, 2006.

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE